UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X
                      :

IN RE:                           :

                      :

OLD CARCO LLC           :         14-CV-2225 (JMF)
(f/k/a CHRYSLER LLC), et al.    :

                      :      MEMORANDUM OPINION
                      :          AND ORDER

                      :

                      :

--------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/01/2014

JESSE M. FURMAN, United States District Judge:

       In this appeal, Chrysler Group LLC ("New Chrysler") appeals from an order of the

United States Bankruptcy Court for the Southern District of New York (Stuart M. Bernstein,

B.J.), dated February 21, 2014, denying its motion to enforce the terms of a 2009 sale order

entered in connection with the bankruptcy of the automaker Old Carco LLC, formerly known as

Chrysler LLC.  The Bankruptcy Court concluded that, in light of the Tax Injunction Act, 28

U.S.C. § 1341, it lacked subject-matter jurisdiction to consider New Chrysler's motion.  On

appeal, New Chrysler argues that, in doing so, the Bankruptcy Court erroneously entertained a

collateral attack on the 2009 sale order insofar as that order is *res judicata* even as to subject-

matter jurisdiction.  In light of controlling Supreme Court precedent, this Court agrees.

Accordingly, the Bankruptcy Court's order is vacated, and the case is remanded to the

Bankruptcy Court for further proceedings consistent with this Memorandum Opinion and Order.

## BACKGROUND

On April 30, 2009, Chrysler LLC and several of its subsidiaries (together, "Old Chrysler") filed a Chapter 11 bankruptcy petition.  (Voluntary Pet. (Bankr. Docket No. 1)).[1]  On June 1, 2009, the Honorable Arthur J. Gonzalez, the United States Bankruptcy Judge then assigned to the case, entered an order (the "Sale Order") approving the sale of Old Chrysler's assets to New Chrysler (then named "New CarCo LLC") pursuant to Section 363 of the Bankruptcy Code.  (Bankr. Docket No. 3232).  To the extent relevant here, the Sale Order authorized the transfer of Old Chrysler's assets "free and clear of all Claims" not otherwise assumed under the agreement (Sale Order ¶ W), and acknowledged that New Chrysler "would not consummate the Sale Transaction . . . if the sale of the purchased assets was not clear of all Claims other than Assumed Liabilities, or if [New Chrysler] would, or in the future could, be liable for any such Claims."  (*Id.* ¶ AA).  It further enjoined entities including "governmental, tax and regulatory authorities" from "asserting against [New Chrysler] . . . any Claim arising from, related to or in connection with the ownership, sale or operation" of Old Chrysler assets.  (Sale Order ¶ 12).  The sale closed on June 10, 2009.  (Mem. Decision Denying Mot. To Enforce Sale Order Without Prejudice (Bankr. Docket No. 8282) ("Mem. Op.") 3).

On October 18, 2013, New Chrysler filed a motion seeking enforcement of the Sale Order.  (Mot. for Enforcement of the Court's Order (Bankr. Docket No. 8218) ("Mot. for Enforcement")).  New Chrysler alleged that the Michigan Unemployment Insurance Agency ("Michigan UIA"), the Indiana Department of Workforce Development ("Indiana DWD"), and the Illinois Department of Employment Security ("Illinois DES") (collectively, the "Agencies")

---

[1]    All citations to the Bankruptcy Court docket refer to the underlying Bankruptcy Court case, *In re Old Carco, LLC*, 09-BR-50002 (SMB).

had violated the Sale Order by deeming New Chrysler a successor to Old Chrysler for purposes of calculating New Chrysler's unemployment insurance tax rates — a decision that, according to New Chrysler, had resulted in millions of dollars in overcharged unemployment insurance taxes. (Mot. for Enforcement ¶¶ 5-6).  Specifically, New Chrysler contended that, by approving the sale of Old Chrysler's assets "free and clear of any interest in such property" pursuant to Section 363(f) of the Bankruptcy Code, 11 U.S.C. § 363(f) (Sale Order ¶¶ W-BB), the Bankruptcy Court had prohibited the Agencies from transferring Old Chrysler's "experience ratings" — variables used in calculating unemployment insurance taxes that are based on the extent to which former employees have received unemployment insurance benefits — to New Chrysler.  (Mot for Enforcement ¶¶ 30-31, 40-41).  In response, the Agencies took issue with both New Chrysler's interpretation of the Sale Order and the Bankruptcy Court's jurisdiction to opine on the issue, arguing, among other things, that the Bankruptcy Court was barred from reaching the merits of the motion due to the Tax Injunction Act, 28 U.S.C. § 1341.  (Bankr. Docket Nos. 8239, 8242, 8244, 8270; Dec. 12, 2013 Hr'g Tr. (Bankr. Docket No. 8273) 39:17-22).

In an opinion dated February 19, 2014, Judge Bernstein — to whom the case had been reassigned (Bankr. Docket No. 8058) — ruled in favor of the Agencies on jurisdictional grounds. (Mem. Op. 3).  That is, the Bankruptcy Court declined to reach the merits of New Chrysler's motion, instead agreeing with the Agencies that the Tax Injunction Act deprived the Court of subject-matter jurisdiction to hear the motion.  (Id.).  The Court did not dispute that it had "bankruptcy jurisdiction to interpret and enforce the Sale Order" (Id. at 17), but nonetheless concluded that the Tax Injunction Act imposed a separate jurisdictional hurdle, one that prevented the Court from addressing the merits of New Chrysler's motion.  (Id. at 17-18).  The Court acknowledged New Chrysler's argument that the Agencies' invocation of the Tax

Injunction Act was a collateral attack on the Sale Order itself, but — without citing *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 152 (2009), the principal case upon which New Chrysler relied — nonetheless ruled that "the merits of [New] Chrysler's argument [did] not affect the Court's conclusion that it lack[ed] jurisdiction to entertain it." (Mem. Op. 17-18).

This appeal followed. (Bankr. Docket No. 8286).

## DISCUSSION

On appeal, New Chrysler argues that the Bankruptcy Court erred in ruling that it lacked jurisdiction to entertain its motion because, in doing so, the Bankruptcy Court failed to accord proper *res judicata* effect to the Sale Order. (Opening Br. Appellant Chrysler Group LLC (Docket No. 5) ("Chrysler Br.") 9-13; Reply Br. Appellant Chrysler Group LLC (Docket No. 29) 2-4). As that argument raises a pure issue of law, this Court reviews the Bankruptcy Court's decision *de novo*. *See, e.g.*, *In re United States Lines, Inc.*, 318 F.3d 432, 435 (2d Cir. 2003); *see also, e.g.*, *United States v. Vazquez-Alvarez*, 760 F.3d 193, 196 (2d Cir. 2014) (per curiam) (reviewing *de novo* the lower court's failure to consider appellant's motion to dismiss for lack of subject-matter jurisdiction); *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) (reviewing lower court's application of *res judicata* principles *de novo*).

Under the doctrine of *res judicata,* also known as claim preclusion, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks omitted); *see also, e.g.*, *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 439 (2d Cir. 2000) (providing that *res judicata* bars a party from relitigating issues when that party had a "full and fair opportunity" to litigate the issue in a prior proceeding). Notably, preclusion applies even where "the judgment may have been wrong or

4

rested on a legal principle subsequently overruled in another case." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *accord Laaman v. United States*, 973 F.2d 107, 112 (2d Cir. 1992). The doctrine "protects against the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *In re Aiolova*, 496 B.R. 123, 130 (Bankr. S.D.N.Y. 2013) (internal quotation marks omitted). And it "applies with full force to matters decided by the bankruptcy courts." *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011) (internal quotation marks omitted). In fact, the Court of Appeals has stressed that principles of finality "are particularly important in the bankruptcy context, where numerous contending claims and interests are gathered, jostle, and are determined and released." *Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82, 91 (2d Cir. 1997).

It is well established that "'[e]ven subject-matter jurisdiction . . . may not be attacked collaterally.'" *Travelers*, 557 U.S. at 152 (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455, n.9 (2004)). *Travelers*, which reaffirmed that proposition, is instructive here. The case involved review of a 2004 bankruptcy court order holding that claims brought by certain parties were enjoined by orders the court had entered in 1986. On appeal, the Second Circuit acknowledged that the bankruptcy court "had continuing jurisdiction to interpret and enforce its own 1986 orders" as well as "jurisdiction to clarify its prior orders." *In re Johns-Manville Corp.*, 517 F.3d 52, 60-61 (2d Cir. 2008). Nevertheless, the Court of Appeals held that, in clarifying its 1986 orders and holding that the claimants were barred by those orders from bringing their claims, the bankruptcy court had gone too far because it lacked jurisdiction over the claims in the first instance. *Id.* at 61. Specifically, the Court held that the bankruptcy court could not, in enforcing its 1986 orders, "enjoin claims over which it had no jurisdiction," *id.*, and that "[t]he ancillary

jurisdiction courts possess to enforce their own orders is itself limited by the jurisdictional limits

of the order sought to be enforced," *id.* at 65 n.22 (internal quotation marks omitted).

The Supreme Court reversed.  The question of whether the Bankruptcy Court had

subject-matter jurisdiction to enter its clarifying order, the Court determined, was an "easy" one,

as it clearly "had jurisdiction to interpret and enforce its own prior orders" and had "explicitly

retained jurisdiction" to enforce the 1986 orders. *Travelers*, 557 U.S. at 151.  By going further

and reevaluating the Bankruptcy Court's exercise of jurisdiction in 1986, however, the Second

Circuit had erred.  On direct review from the 1986 orders, "the Court of Appeals would indeed

have been duty bound to consider whether the Bankruptcy Court had acted beyond its subject-

matter jurisdiction."  *Id.* at 148.  "But once the 1986 Orders became final on direct review

(whether or not proper exercises of bankruptcy court jurisdiction and power)," the Court

explained, "they became *res judicata* to the parties and those in privity with them," even as to

subject-matter jurisdiction.  *Id.* at 152 (internal quotation marks omitted).  "So long as [the

claimants] or those in privity with them were parties to the [original] proceeding, and were given

a fair chance to challenge the Bankruptcy Court's subject-matter jurisdiction, they cannot

challenge it now by resisting enforcement of the 1986 Orders."  *Id.* at 153.

*Travelers* controls the outcome of this appeal.  First, here, as there, the Sale Order was

final, and precluded any attack on the Bankruptcy Court's subject-matter jurisdiction to enter the

order in the first instance.  *See In re Old Carco*, 438 F. App'x 30, 31 (2d Cir. 2011) (summary

order) (holding that the Sale Order at issue in this case "is *res judicata*, even to claims that

challenge the bankruptcy court's subject matter jurisdiction").  Second, here, as there, the

Bankruptcy Court plainly had jurisdiction to clarify and enforce its own order.  Indeed, as in

*Travelers*, the Bankruptcy Court not only had inherent authority to do so, but also explicitly

retained jurisdiction in the Sale Order to do so.  (Sale Order ¶ 59).  Finally, the Agencies'

argument that the Tax Injunction Act barred the Bankruptcy Court from clarifying or enforcing

the Sale Order was plainly an attack on its subject-matter jurisdiction.  *See, e.g.*, *Arkansas v.*

*Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 825 (1997) (describing the Tax Injunction Act as

jurisdictional); *Entergy Nuclear Vermont Yankee, LLC v. Shumlin*, 737 F.3d 228, 230 (2d Cir.

2013) (same).  More to the point, it was not only an attack on the Bankruptcy Court's jurisdiction

to issue a clarifying order, but it was also — or equally — an attack on its jurisdiction to enter

the Sale Order in the first instance, just as the claimants' attack in *Travelers* was at bottom a

challenge to the Bankruptcy Court's jurisdiction to enter the 1986 orders in the first instance.[2]

In arguing otherwise, the Michigan UIA notes that the Sale Order "did not address

calculation of [New Chrysler's] unemployment tax rate."  (Answering Br. of Appellee Mich.

Unemployment Ins. Agency (Docket No. 20) ("Mich. UIA Br.") at 21).  That argument,

however, "conflates the conclusion [the Bankruptcy Court] might reach after analysis of matters

before [it] — that certain claims ultimately might not be covered by the Sale Order — with [its]

jurisdiction to decide whether or not they are."  *In re Motors Liquidation Co.*, 514 B.R. 377, 382-

83 (Bankr. S.D.N.Y. 2014).  It is also immaterial; after *Travelers*, the relevant point is that, in

entering the Sale Order, the Bankruptcy Court held (if not explicitly, then implicitly) that it had

subject-matter jurisdiction to do so, and that determination is now *res judicata*.

The Agencies also attempt to reframe their challenge as an objection to the Bankruptcy

Court's "ability to enforce prospective challenges" to the Sale Order rather than a challenge to

the Bankruptcy Court's subject-matter jurisdiction in the first instance.  (Br. Appellee Ind. Dep't

---

[2]     As the *Travelers* Court noted, there are "rare situations in which subject-matter
jurisdiction is subject to collateral attack."  557 U.S. at 153 n.6.  Here, as in *Travelers*, no party
invokes the exceptions to the rule, and the Court "do[es] not see how any would apply."  *Id.*

of Workforce Dev. (Docket No. 21) ("Indiana DWD Br.") 8).  But a similar argument failed to

carry the day in *Travelers*.  *See* 557 U.S. at 165 (Stevens, J., dissenting) (arguing that

respondents were not collaterally attacking the court's subject-matter jurisdiction because "[i]n

challenging the Bankruptcy Court's 2004 order 'clarifying' the scope of the [1986 orders],

respondents were in fact timely appealing an order that rewrote the scope of the 1986 [orders]")

(emphasis omitted).  Additionally, the exact same argument was persuasively rejected by another

bankruptcy court in this Circuit in virtually identical circumstances.  *See In re USA United Fleet*

*Inc.*, 496 B.R. 79, 84 (Bankr. E.D.N.Y. 2013) ("The [state agency] does not dispute the Court

had jurisdiction to enter the sale order or that it retained jurisdiction to interpret, implement, and

enforce its terms.  Under *Travelers*, the Court's jurisdiction cannot now be attacked

collaterally."); *see also In re Tougher Indus., Inc.*, No. 06-BR-12960, 2013 WL 1276501, at *5

(Bankr. N.D.N.Y. Mar. 27, 2013) (holding, in virtually identical circumstances, that the Court

had jurisdiction to adjudicate a motion seeking clarification of a prior sale order because "[t]he

dispute before the court is based on purported rights established in the Sale Order[,] [m]ore

specifically, whether the right to assess . . . unemployment insurance tax liabilities based upon

the Debtors' experience ratings was an interest avoided under the Sale Order, which was entered

by the court in exercise of its core jurisdiction").[3]

   In light of the foregoing, so long as the Agencies or those in privity with them were

parties to the original bankruptcy proceeding, "and were given a fair chance to challenge the

---

[3]  The Bankruptcy Court did not even cite *Travelers*, let alone discuss it.  The Court did discuss *Tougher Industries* and *USA United Fleet*, but chose to rely instead on *United Taconite, LLC v. Minnesota (In re Eveleth Mines, LLC)*, 318 B.R. 682 (B.A.P. 8th Cir. 2004), and *Victory Markets, Inc. v. NYS Unemployment Insurance (In re Victory Markets, Inc.)*, 263 B.R. 9 (Bankr. N.D.N.Y. 2000).  (Op. 15-17).  Those two cases, however, pre-dated *Travelers*.  Additionally, neither involved a collateral attack on a bankruptcy court's jurisdiction to enforce a sale order under Section 363.

Bankruptcy Court's subject-matter jurisdiction," they cannot challenge it now by resisting

enforcement of the Sale Order. *Travelers*, 557 U.S. at 153.  Here, there is no real dispute that, as

creditors, the Agencies were parties and received actual notice of the Sale Order.  (Aff. of

Mailing of Regina Amporfro (Bankr. Docket No. 930), Ex. B; *see also* Sale Order ¶ T (noting

that "a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief

requested therein has been afforded to all interested persons and entities, including, but not

limited to . . . (xiv) all applicable state attorneys general, local environmental enforcement

agencies and local regulatory authorities; (xv) all applicable state and local taxing authorities")).

Instead, the Agencies contend that they lacked a fair chance to challenge the Bankruptcy Court's

subject-matter jurisdiction because they were not given adequate "notice of the relief requested."

(Br. Appellee Ill. Dep't of Emp't Sec. (Docket No. 22) 8).  Put another way, the Agencies argue

that they "had no reason or opportunity to challenge the [Sale O]rder based on subject matter

jurisdiction" because they believed, based on then-existing case law, that the term "interest" in

Section 363(f) could not be read to encompass a debtor's "experience ratings."  (Indiana DWD

Br. 9-10 (citing *In re Wolverine Radio*, 930 F.2d 1132 (6th Cir. 1991)).

        That argument fails for two reasons.  First, the case to which the Agencies point — the

Sixth Circuit's decision in *Wolverine*, which held that a debtor's experience rating was not an

"interest" prohibited from transfer to a purchaser after a Section 363(f) bankruptcy order, *see* 930

F.2d at 1147 — was never binding law in this Circuit.  Accordingly, the Agencies cannot hang

their hat on that case in making the definitive assertion that "the Sale Order did not contemplate

the inclusion of experience ratings as interests."  (Indiana DWD Br. 9).  Second, and in any

event, it is well established that a judgment is final for *res judicata* purposes "even when the

prior 'judgment . . . rested on a legal principle subsequently changed.'"  *Johnson v. Potter*, 398

F. App'x 644, 646 (2d Cir. 2010) (summary order) (quoting *Moitie*, 452 U.S. at 398).  Thus, even if *Wolverine* was controlling at the time that the Bankruptcy Court entered the Sale Order, the Bankruptcy Court's determination that it had subject-matter jurisdiction to enter the Sale Order in the first instance would still be *res judicata*.

## CONCLUSION

For the reasons stated above, the Bankruptcy Court's Order denying New Chrysler's motion to enforce the Sale Order is VACATED and the matter is REMANDED to the Bankruptcy Court for further proceedings consistent with this Memorandum Opinion and Order.[4] The Clerk of Court is directed to terminate Docket No. 5 and to close this case.

SO ORDERED.

Date:   December 1, 2014
        New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[4]      The Court declines New Chrysler's invitation to decide the merits of its motion to enforce the Sale Order.  (Chrysler Br. 4, 20-21).  Instead, consistent with the "general rule . . . that a federal appellate court does not consider an issue not passed on below," *In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994) (internal quotation marks omitted), the Court will leave the merits — and the Agencies' argument that New Chrysler's motion is barred by the equitable principle of laches (Mich. UIA Br. 11-13) — to the Bankruptcy Court to address in the first instance.